IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY E. DAVIS, individually and as Executrix of the Estate of JEFFREY C. DAVIS, deceased<br>219 Yorkshire Road<br>Fairless Hills, PA 19030<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>MOTIVA ENTERPRISES LLC<br>f/k/a/ Star Enterprise<br>1100 Louisiana<br>Houston, TX 77002<br><br>　　　　　Defendant. | CIVIL ACTION<br><br>**TRIAL BY JURY OF TWELVE DEMANDED**<br><br><br>NO.  02-3852 |

**MOTIVA ENTERPRISES LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Motiva Enterprises LLC ("Motiva") by its counsel files the following answer and affirmative defenses to plaintiff's complaint:

1.　Admitted upon information and belief.

2.　Motiva denies each and every averment contained in paragraph 2, except that it admits only that Motiva Enterprises LLC ("Motiva") is a Delaware limited liability company with business offices in Houston, Texas.

3.　Motiva denies each and every averment contained in paragraph 3, except that it admits only that Motiva operates a refinery with a business address of 2000 Wrangle Hill Road, Delaware City, Delaware 19706.

4.　Motiva denies each and every averment contained in paragraph 4, except that it

admits only that Motiva was formed in 1998 and that it operates refining facilities formerly owned and operated by an entity known as Star Enterprise.

5. Denied.

6. Motiva is without knowledge of each and every averment contained in paragraph 6, since it does not set forth the source of the information nor the specific date to which the information relates, except that it admits only that Motiva owns and operates four refineries, including the one near Delaware City, which has a production capacity of approximately 140,000 barrels per day.

7. Motiva is without knowledge or information sufficient to admit the averments contained in paragraph 7.

8. Denied as stated. Motiva admits only that sulfuric acid storage Tank 393, located in an area on the northern perimeter of the refinery, experienced an event involving a fire at approximately 1:22 p.m. on July 17, 2001.

9. Motiva denies each and every averment contained in paragraph 9, except that it admits only that Tank 393, on July 17, 2001, was one of several storage tanks in a tank farm location which was dedicated to service involving a material known as "spent sulfuric acid", which acid was a by-product of the refinery's poly-alkylation process.

10. Motiva is without knowledge or information sufficient to admit the averments contained in paragraph 10.

11. Motiva is without knowledge or information sufficient to admit the averments contained in paragraph 11, except it admits only that, on July 17, 2001, plaintiff's decedent was a member of a crew of boilermakers employed by Washington Group International ("WGI"), a maintenance contractor at the refinery, which crew had a work assignment from WGI which entailed work on a catwalk adjacent to Tank 396 in the tank farm.

12. Motiva is without knowledge or information sufficient to admit the averments contained in paragraph 12.

13. Motiva is without knowledge or information sufficient to admit the averments contained in paragraph 13.

14. Motiva is without knowledge or information sufficient to admit the averments contained in paragraph 14.

15. Motiva is without knowledge or information sufficient to admit the averments contained in this paragraph.

16. Denied as stated. Motiva admits only that, on July 17, 2001, Tank 393 experienced an event involving over-pressurization, separation of the tank shell from the tank floor, the release of the contents of the tank and a fire.

17. Admitted.

18. Motiva is without knowledge or information sufficient to admit the averments contained in paragraph 18.

19. Denied as stated. Motiva admits only that the Motiva refinery near Delaware City was previously owned and operated by Star Enterprise, a New York general partnership.

20. Denied.

21. Denied.

22. Denied.

23. Denied as stated. Motiva admits only that a portion of a June 26, 2001 Motiva Inspection Department report is attached as Exhibit "A," and that same report documented a leak associated with Tank 393 and recommended that the tank be taken out of service as soon as possible for an internal inspection and permanent repair. Motiva further avers that the document speaks for

itself and any attempt to characterize said document is denied.

24. Denied as stated. Motiva admits only that a Joint Health and Safety Committee Unsafe Condition Report was generated on or about June 27, 2001 and that a portion of that report is attached as Exhibit "B." Motiva further avers that said document speaks for itself and any attempt to characterize said document is denied

25. Denied.

26. Denied as stated. Motiva admits only that, following the July 17, 2001 incident involving Tank 393, Motiva released copies of the June 26, 2001 and June 27, 2001 documents from the Inspection Department and the Joint Health and Safety Committee referred to above.

27. Motiva is without knowledge or information sufficient to admit the averments contained in paragraph 27.

28. Denied.

29. Denied as stated. Motiva admits only that, on July 17, 2001, Tank 393 was in service and plaintiff's decedent was working on the catwalk adjacent to Tank 393.

30. Denied.

31. Denied.

32. Denied.

33. Motiva is without knowledge or information sufficient to admit the averments contained in paragraph 33.

34. Denied.

35. Denied.

## COUNT I

36. Motiva's answers to Paragraphs 1 through 35 above are incorporated by reference as if fully and specifically set forth herein.

37(a)-(aa). Denied.

WHEREFORE, Motiva Enterprises LLC, demands judgment in its favor together with its costs and other relief permitted by law.

## COUNT II

38. Motiva's answers to Paragraphs 1 through 37 above are incorporated by reference as if fully and specifically set forth herein.

39. Motiva is without knowledge or information sufficient to admit the averments contained in paragraph 39.

40. Motiva is without knowledge or information sufficient to admit the averments contained in paragraph 40.

41. Denied.

42. Motiva admits that she so claims. Motiva denies that she is entitled under the law to recover any such damages.

43. Motiva admits that she so claims. Motiva denies that she is entitled under the law to recover any such damages.

44. Motiva admits that she so claims. Motiva denies that she is entitled under the law to recover any such damages.

45. Motiva admits that she so claims. Motiva denies that she is entitled under the law to recover any such damages.

46. Motiva admits that she so claims. Motiva denies that she is entitled under the law

to recover any such damages.

47. Motiva admits that she so claims. Motiva denies that she is entitled under the law to recover any such damages.

48. Motiva admits that she so claims. Motiva denies that she is entitled under the law to recover any such damages.

WHEREFORE, Motiva Enterprises LLC, demands judgment in its favor together with its costs and other relief permitted by law.

### COUNT III

49. Motiva's answers to Paragraphs 1 through 48 above are incorporated by reference as if fully and specifically set forth herein.

50. Motiva admits that she so claims. Motiva denies that she is entitled under the law to recover any such damages.

51. Denied.

52. Motiva admits that she so claims. Motiva denies that she is entitled under the law to recover any such damages.

53. Motiva admits that she so claims. Motiva denies that she is entitled under the law to recover any such damages.

54. Motiva admits that she so claims. Motiva denies that she is entitled under the law to recover any such damages.

WHEREFORE, Motiva Enterprises LLC, demands judgment in its favor together with its costs and other relief permitted by law.

## COUNT V [sic]

55. Motiva's answers to Paragraphs 1 through 54 above are incorporated by reference as if fully and specifically set forth herein.

56. Denied.

57. Motiva denies each and every averment of paragraph 57, except that it admits only that it was aware that, on June 27, 2001, a Motiva employee had reported what he described as "fumes terrible" in the vicinity of the tank farm.

58. Motiva denies each and every averment contained in paragraph 58, except that it admits that prior to July 17, 2001, it was aware that Tank 393, like any metal tank storing sulfuric acid, was experiencing some corrosion.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

WHEREFORE, Motiva Enterprises LLC, demands judgment in its favor together with its costs and other relief permitted by law.

## AFFIRMATIVE DEFENSES

1. This Court lacks personal jurisdiction over defendant Motiva Enterprises LLC.

2. Plaintiff's claims are subject to dismissal because venue is improperly laid in this Court.

      3.      Plaintiff's complaint is barred and/or limited by her decedent's contributory and/or comparative negligence.  In that he:

      (a)      disregarded refinery safety standards applicable to the work he was performing;

      (b)      failed to take adequate steps for his own safety;

      (c)      exceeded the scope of the work permit issued to him by the refinery's operators, with respect to the type of equipment he was permitted to use; and

      (d)      violated the physical parameters of the work permit issued to him by the refinery's operators.

      4.      Plaintiff's decedent's injuries and death were proximately caused by the acts/omissions of persons and/or entities beyond the control of the defendant.

      5.      To the extent plaintiff's decedent was negligent but his negligence did not exceed that of the defendant, if any, then plaintiff's damages must be pro-rated in proportion to plaintiff's decedent's own fault.

      6.      Plaintiff's assertions regarding punitive damages fail to state a claim upon which relief can be granted.

      7.      Plaintiff's assertions regarding pre-judgment interest fail to state a claim upon which relief can be granted.

      8.      Plaintiff's assertions regarding attorneys' fees fail to state a claim upon which relief can be granted.

      9.      Plaintiff's claim for punitive damages violates the due process, equal protection and Excessive Fines Clause of the United States Constitution as well as the cognate provisions of the Pennsylvania and Delaware Constitutions.

Respectfully submitted,

_____

Howard M. Klein, Esquire
Lauren A. Schochor, Esquire
PA Identification Nos. 33632/87618
CONRAD O'BRIEN GELLMAN
& ROHN, P.C.
1515 Market Street, 16th Floor
Philadelphia, PA       19102
(215) 864-9600

and

Of Counsel:

Paul M. Lukoff, Esquire
Delaware Bar No. 96
PRICKETT, JONES & ELLIOTT, P.A.
1310 King Street
P. O. Box 1328
Wilmington, DE 19899
(302) 888-6500

Attorneys for Defendant
Motiva Enterprises LLC

Dated:  June 20, 2002

## **CERTIFICATE OF SERVICE**

I, Lauren A. Schochor, hereby certify that on this 20th day of June, 2002 I caused true and correct copies of the foregoing Motiva Enterprises LLC's Answer and Affirmative Defenses to Plaintiff's Complaint to be served via hand delivery upon:

Thomas R. Kline, Esquire
Matthew A. Casey, Esquire
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102

Attorneys for Plaintiff
Mary E. Davis

_____
Lauren A. Schochor