IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

July 18, 2002

Matthew A. Casey, Esq. [mailed]
Thomas R. Kline, Esq. [mailed]
Lauren A. Schochor, Esq. [mailed]
Howard Klein, Esq. [mailed]

    Re:    Mary A. Davis, et al., v. Motiva Enterprises LLC
            Civil Action No. 02-3852

<u>RULE 16 CONFERENCE ORDER</u>

      Please be advised that, pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Status Conference in the above-captioned case will be held on **Monday, August 5, 2002,** at **9:30 a.m.,** before The Honorable Mary A. McLaughlin, in her chambers, Room 3809, United States Courthouse, 601 Market Street, Philadelphia, PA  19106.

      Attached is a Case Status Report form which you are to complete and forward to the Court by mail or fax at least three (3) days prior to the conference.  Chambers fax number is (267) 299-5071.

      **<u>Lead Trial Counsel</u>** are expected to attend the conference.  All participants in this conference shall have full authority and are expected to be prepared to discuss the following:

    (a)    jurisdictional defects, if any;
    (b)    the <u>possibility of an amicable settlement</u>;
    (c)    alternative dispute resolution;
    (d)    time limitations within which additional parties may be joined and pleadings may be amended, if necessary;
    (e)    scheduling for remaining pretrial proceedings including discovery deadlines, filing of motions, hearings, and future pretrial conferences if deemed necessary;
    (f)    scheduling a date for trial; and
    (g)    any other appropriate matters which would facilitate the disposition of the case.

A Scheduling Order will be entered as a result of this conference.

      Prior to attending the conference, participants are expected to have conferred with each other about each of the above-listed items.  Plaintiff's counsel shall initiate the discussions, including discussion of settlement.

## DISCOVERY DISPUTES

When a discovery dispute arises, counsel are strongly urged to settle it among themselves. However, if after making a good faith effort, counsel are unable to resolve a disputed issue, counsel for the aggrieved party shall file with the Court a motion in conformity with Local Civil Rule 26.1(b), with a form of order, and a short brief not to exceed five (5) pages describing the disputed issue(s). In situations covered by Local Civil Rule 26.1(g) no brief shall be required. <u>All motions must contain the certification required under Local Civil Rule 26.1(f)</u>. No extensions of time will be granted except by leave of Court for good cause shown.

In most cases, the Court will schedule a conference with counsel either by telephone or in Chambers within a few days after the filing of the motion.

## MOTION PRACTICE
(other than discovery)

Except as set forth herein, motion practice will be conducted in accordance with Local Civil Rule 7.1.

The originals of all motions and briefs shall be filed with the Clerk. <u>A copy of same shall be delivered to Judge McLaughlin's chambers</u>.

A reply brief, addressing arguments raised in the brief in opposition to the motion, may be filed and served by the moving party <u>within seven (7)  days</u> after service of the brief in opposition to the motion. However, the Court will not necessarily delay its decision while awaiting a reply brief. No reply brief shall exceed fifteen (15) pages. <u>Every factual assertion in a brief shall be supported by a citation to the record where that fact may be found</u>. Both legal citations and citations to the record shall include pinpoint cites.

No further briefs may be filed, and no extension of time will be granted without leave of Court for good cause shown.

                                               _____
                                               Carol D. James
                                               Deputy Clerk to Judge McLaughlin
                                               (267) 299-7600

DATED 8/1/00

Attachment

<u>CASE STATUS REPORT</u>

Civil Action No.: _____        Jury (__)  Non-Jury (__)

Caption of Case: _____

Date Service of Process Made: _____

Name of Trial Counsel: _____

Representing: _____

Law Firm: _____

Address: _____

Telephone No.: <u>(    )                    </u>

1. This case has been/should be consolidated with Civil Action No.(s): _____

2. If this case should be consolidated with another civil action, state the reason why it should be consolidated.
   _____

3. By what date can discovery be completed? _____

4. Do you anticipate using any expert witnesses? _____

5. By what date will this case be ready for trial? _____

6. What is the total time necessary to present your case?
   _____

7. What portion of this is liability? _____  Damages? _____

8. What is your estimate of the total time required for the entire trial? _____

9. Would an early settlement conference be helpful in effecting a settlement of this case?  Yes (___)   No (___)

10. If the answer is "yes," when would be the most appropriate time for such a conference? _____

11. Do you have any special comment to make or special issue or problem to raise concerning the case?  If so, please use the reverse side.
------------------------------------------------------------
12. THE FOLLOWING CERTIFICATION <u>MUST</u> BE EXECUTED BY COUNSEL:

    I HEREBY CERTIFY THAT PRIOR TO SUBMITTING THIS FORM <u>I SPOKE</u> WITH COUNSEL FOR ALL OTHER PARTIES AND CAREFULLY EXPLORED SETTLEMENT OF THIS ACTION.


_____     _____

### JUDGE MARY A. MCLAUGHLIN

Judge Mclaughlin was born on November 18, 1946 in Philadelphia Pennsylvania. She was graduated from Gwynedd-Mercy College (B.A., *magna cum laude*, 1968), Bryn Mawr College (M.A., 1969) and the University of Pennsylvania Law School (J.D., *magna cum laude*, 1976). From 1976 to 1977, Judge McLaughlin clerked for the Honorable Stanley S. Brotman of the United States District Court for the District of New Jersey. From 1977 to 1980, she was in private practice with Arnold & Porter in Washington, D.C. From 1980 to 1984, Judge McLaughlin was an Assistant United States Attorney in the District of Columbia. From 1984 to 1986, Judge McLaughlin was an Assistant Professor of Law at Vanderbilt University. She also has lectured at the University of Pennsylvania Law School and at Rutgers University Law School-Camden. Judge McLaughlin was in private practice with Dechert Price & Rhoads from 1986 to 2000. In 1995, she acted as Special Counsel to the United States Senate Judiciary Subcommittee on Terrorism, Technology and Government Information in connection with the Ruby Ridge hearings. Judge McLaughlin was appointed to the United States District Court for the Eastern District of Pennsylvania on May 31, 2000.

### PRELIMINARY GENERAL MATTERS

1. Correspondence with the Court.

Counsel may write to Judge McLaughlin to request an extension of time and for all matters pertaining to scheduling. Judge McLaughlin does not permit correspondence in lieu of formal discovery or contested motions or other substantive matters which should be made of record.

2. Communications with Law Clerks.

Judge McLaughlin permits counsel to speak with her law clerks about administrative or scheduling matters.

Judge McLaughlin will use telephone conferences for scheduling changes, extensions of time, and similar matters. She often has conference calls on discovery motions. Judge Mclaughlin requests that counsel or a conference call operator place the call.

4. <u>Oral Arguments and Evidentiary Hearings.</u>

Judge McLaughlin does not set aside specific days or times for oral arguments or evidentiary hearings. Arguments and hearings are scheduled on an <u>ad</u> <u>hoc</u> basis.

5. <u>Chambers Copies of Submissions.</u>

Judge McLaughlin expects counsel to send two courtesy hard copies of all submissions (including copies of the complaint and answer) to her chambers. Also, submissions such as points for charge or voir dire must be submitted on a disk.

6. <u>Pro Hac Vice Admissions.</u>

Judge McLaughlin expects motions for <u>pro</u> <u>hac</u> <u>vice</u> admissions to be in writing. She requires the attorney seeking such admission to submit a signed affidavit or certification stating that he or she is a member in good standing of the bar of another state.

## Pretrial Procedure

1. <u>Pretrial Conferences.</u>

After the entry of appearance by defense counsel in civil actions, Judge McLaughlin schedules a status conference in chambers. At this status conference, counsel are expected to be prepared to discuss jurisdictional defects; possibility of amicable settlement; alternative dispute resolution; time limitations for joining additional parties and amending pleadings, if necessary; scheduling for discovery deadlines, filing of motions, filing of pretrial memoranda, and future pretrial conferences; scheduling a date for trial; and any other appropriate matter. Judge McLaughlin enters a scheduling order following this conference.

Prior to attending this conference, parties are expected to have conferred with each other about each of these items, including discussion of settlement.

## Continuances and Extensions

1. <u>General Policy.</u>

Since trial dates are set well in advance, normally at the time of the initial conference, Judge McLaughlin is extremely reluctant to grant continuances - especially if the attorneys have not been diligent in moving the case forward. The Court will not accept accommodations counsel may extend to each other during the discovery period as a reason to extend the discovery deadline or the trial date.

Judge McLaughlin will permit extension of discovery

General Motion Practice

Except as set forth herein, motion practice will be conducted in accordance with Local Civil Rule 7.1.

The originals of all motions and briefs shall be filed with the Clerk.  A copy of same shall be delivered to Judge McLaughlin's chambers.

A reply brief, addressing arguments raised in the brief in opposition to the motion, may be filed and served by the moving party within seven (7) days after service of the brief in opposition to the motion unless the Court sets a different schedule.  However, the Court will not necessarily delay its decision while awaiting a reply brief.

No further briefs may be filed, and no extension of time will be granted without leave of Court for good cause shown.

Except with leave of Court for good cause shown, no reply brief shall exceed fifteen (15) pages.  Every factual assertion in a brief shall be supported by a citation to the record where that fact may be found.  Both legal citations and citations to the record shall include pinpoint cites.

Judge McLaughlin will hear oral argument on motions, if she believes it will assist her in deciding the motion. Counsel may request to be heard on a motion and this request will be considered.

1. <u>Length of Discovery Period and Extensions.</u>

The length of time permitted for discovery depends upon the nature of each case. Judge McLaughlin generally permits up to six months of discovery, except for more complex litigation.

2. <u>Discovery Disputes.</u>

When a discovery dispute arises, counsel are strongly urged to settle it among themselves. However, if after making a good faith effort, counsel are unable to resolve a disputed issue, counsel for the aggrieved party shall file with the Court a motion in conformity with Local Civil Rule 26.1(b), with a form of order, and <u>short brief not to exceed five (5) pages</u> describing the disputed issue(s). The Court will normally schedule a telephone conference with counsel to discuss the motion before the filing of any responsive brief. In most cases, the Court expects to rule promptly on discovery motions and often decides such motions during the telephone conference. <u>All motions must contain the certification required under Local Civil Rule 26.1(f)</u>.

3. <u>Confidentiality Agreements.</u>

Judge McLaughlin will approve a confidentiality order if the order includes a detailed statement demonstrating that good cause exists for the protective order. See <u>Pansy v. Borough of Stroudsberg</u>, 23 F.3d 772, 786 (3d Cir. 1994). All such orders must contain the following language or language substantially similar:

> The court retains the right to allow disclosure of any subject covered by this stipulation or to modify this

4. <u>Expert Witnesses.</u>

Parties should identify expert witnesses and provide the experts' written reports pursuant to the scheduling order entered in the particular case. Failure to do so will bar the use of the expert's testimony at trial.

<u>Settlement</u>

Judge McLaughlin strongly encourages settlement. She believes that the Court's involvement in settlement conferences is generally helpful and will become involved in settlement of jury cases. In non-jury cases and sometimes in jury cases, Judge McLaughlin will refer settlement negotiations to a magistrate judge.

<u>Arbitration</u>

In arbitration cases, Judge McLaughlin normally does not schedule a status conference or settlement conference unless requested by counsel to do so. Appeals from arbitration are scheduled for trial promptly.

<u>Proposed Final Pretrial Memoranda</u>

Unless otherwise specified, Judge McLaughlin requires the parties to submit short pretrial memoranda pursuant to Local Rule 16.1(c). Judge McLaughlin requires the submission of <u>voir dire</u> questions, proposed jury instructions, proposed verdict sheets, and motions <u>in limine</u>. In non-jury cases, she requires

submission of findings of fact and conclusions.

In preparation for a final pretrial conference, Judge McLaughlin expects counsel to communicate with each other on a number of matters, including objections to exhibits, expert depositions, and stipulations of fact.

### Injunctions

1. <u>Scheduling and Expedited Discovery.</u>

When a temporary restraining order is requested, Judge McLaughlin will immediately schedule a conference as soon as possible to decide the TRO. She requires all counsel to be present unless the urgency of the circumstances precludes notice to opposing counsel. Judge McLaughlin rarely grants <u>ex parte</u> temporary restraining orders.

Judge McLaughlin schedules preliminary and permanent injunction hearings as soon as possible and combines the two hearings if feasible. Usually, she permits expedited discovery for injunctive matters.

2. <u>Proposed Findings of Fact and Conclusions of Law.</u>

Judge McLaughlin requires the immediate submission of findings of fact and conclusions of law in injunction cases, in accordance with Fed R. Civ. P. 52(a).

### Trial Procedure

1. <u>Scheduling of Cases.</u>

Each case on Judge McLaughlin's calendar is assigned a month when it will be placed in the trial pool. She often specially

listed cases, and to inform counsel as soon as possible when each case will be called for trial. The Court may start as early as 9:00 a.m. and may sit until 5:00 p.m. or later.

   2.  Conflicts of Counsel.

When counsel become aware of professional or personal conflicts that may affect the trial schedule, they should notify Judge McLaughlin and opposing counsel immediately.

   3.  Cases Involving Out-of-Town
       Parties or Witnesses.

Judge McLaughlin has no special policy for cases involving out-of-town attorneys, parties, or witnesses.

   4.  Notetaking by Jurors.

Judge McLaughlin decides whether notetaking will be permitted on a case by case basis.

   5.  Trial Briefs.

Judge McLaughlin encourages the submission of trial briefs when they are necessary or likely to be helpful to the Court.

   6.  Voir Dire.

Judge McLaughlin's usual practice in civil matters is to permit counsel to conduct part or all of the voir dire.

   7.  Side Bars.

Judge McLaughlin holds side-bar conferences when

8. <u>In Limine Motions.</u>

Judge McLaughlin normally hears any necessary <u>in limine</u> motions immediately prior to trial or during trial unless an earlier ruling will assist settlement discussions or the trial of the case. She prefers such motions to be in writing and filed sufficiently in advance of trial so that she can consider the motion and make an appropriate ruling.

9. <u>Examination of Witnesses Out of Sequence.</u>

Judge McLaughlin is willing to take witnesses out of turn for their convenience, particularly when there is no objection by opposing counsel.

10. <u>Opening Statements and Summations.</u>

Judge McLaughlin is flexible but will place time limits on openings statements and summations. She will discuss the time needed with counsel prior to the speeches.

11. <u>Examination of Witnesses or Argument by More Than One Attorney.</u>

Judge McLaughlin will not permit more than one attorney for a party to examine the same witness.

12. <u>Examination of Witnesses Beyond Redirect and Recross.</u>

Judge McLaughlin does not have any general policy concerning examination beyond redirect and recross.

Judge McLaughlin requires counsel to view all videotaped depositions for the purpose of editing the videotape and resolving material objections before offering the videotape as evidence.

14. <u>Reading of Material Into the Record.</u>

Judge McLaughlin has no special practice on reading stipulations, pleadings, or discovery materials into the record.

15. <u>Preparation of Exhibits.</u>

Before commencement of trial, exhibits are to be premarked and exchanged by counsel.  Counsel should provide Judge McLaughlin with two (2) copies of each exhibit and a schedule of exhibits which shall briefly describe each exhibit.

16. <u>Offering Exhibits into Evidence.</u>

Judge McLaughlin has no general policy as to when exhibits should be offered into evidence.  When the number of exhibits in a case is large, Judge McLaughlin prefers counsel to reach advance agreement as to the admission of as many exhibits as possible.

17. <u>Directed Verdict Motions.</u>

Judge McLaughlin hears directed verdict motions outside the hearing of the jury.

18. <u>Proposed Jury Instructions and Verdict Forms.</u>

working days before the case is placed in the trial pool or listed for trial, each party shall submit to the Court, and serve on each other, two (2) copies of proposed points for charge and any proposed special jury interrogatories. Each point for charge and proposed jury interrogatory shall be numbered and on a separate sheet of paper identifying the name of the requesting party. Supplemental points for charge will be permitted during and at the conclusion of the trial. Points for charge should be accompanied by appropriate citations of legal authority.

19. Proposed Findings of Fact and Conclusions of Law.

Judge McLaughlin requires the submission of proposed findings of fact and conclusions of law in non-jury cases. Counsel are to submit them in accordance with the scheduling order entered in each action.

20. Decisions in Non-jury Cases.

Counsel should be prepared for oral argument immediately following the close of all the evidence in a non-jury trial.

Jury Deliberations

1. Written Jury Instructions.

Judge McLaughlin provides counsel with a copy of proposed jury instructions for review in advance of a charge conference. Judge McLaughlin permits counsel to put objections to the charge on the record before the jury retires. Judge McLaughlin does not

normally. If a different procedure is requested by counsel, she will consider doing so.

2. Exhibits in the Jury Room.

Counsel are instructed to confer on which exhibits should go into the jury room. Judge McLaughlin will rule upon any dispute.

3. Availability of Counsel During Jury Deliberations.

Judge McLaughlin prefers counsel to remain in the courthouse during jury deliberations. Counsel should be available in case questions arise from the jury during its deliberation.

4. Taking the Verdict and Special Interrogatories.

In most civil cases, Judge McLaughlin submits written interrogatories to the jury. A copy of such interrogatories is given to each juror.

5. Polling the Jury.

If there is a request to poll the jury, the deputy clerk polls the jury.

6. Interviewing the Jury.

Judge McLaughlin permits counsel to interview the jurors after the verdict has been recorded and the jury has been

discharged from the jury's service and is under no obligation to speak with counsel.

## CRIMINAL CASES

1. <u>Approach to Oral Argument and Motions.</u>

Judge McLaughlin will grant oral argument on motions in criminal cases if she believes it will assist her in deciding the motions. Hearings on motions to suppress evidence and <u>Starks</u> hearings will usually be held in advance of trial.

2. <u>Pretrial Conferences.</u>

Judge McLaughlin holds pretrial conferences in criminal cases as needed.

3. <u>Voir Dire.</u>

Judge McLaughlin conducts the <u>voir dire</u> in criminal cases, and she encourages counsel to submit proposed <u>voir dire</u> questions.

4. <u>Proposed Jury Instructions and Verdict Forms.</u>

Judge McLaughlin requires that at least five (5) working days before the date the case is set for trial, each party shall submit to the court and serve on each other, two (2) copies of proposed points for charge and any proposed jury interrogatories. Each point for charge and proposed jury interrogatory shall be numbered and on a separate sheet of paper identifying the name of the requesting party. Supplemental points for charge will be permitted during and at the conclusion of the trial. Points for charge should be accompanied by appropriate citations of legal

5. <u>Guilty Plea Memoranda.</u>

Judge McLaughlin requires the government to submit a guilty plea memorandum two days prior to the guilty plea. Such a memorandum shall include the elements of each offense to which the defendant is pleading guilty and legal citations for such elements.

6. <u>Sentencing Memoranda.</u>

Judge McLaughlin encourages the submission of sentencing memoranda by both the government and the defendant.

<u>OTHER GENERAL MATTERS</u>

1. Judge McLaughlin expects counsel to be punctual for all conferences, hearings, and trials. She also expects counsel at all times to be civil to one another as well as to all parties, witnesses, and court personnel.

2. In all courtroom proceedings, Judge McLaughlin expects counsel to stand when addressing the Court or when examining witnesses. Counsel also may approach the witnesses with permission of the Court.

3. Stipulations should be sent to Judge McLaughlin's chambers for review and not to the Clerk. Judge McLaughlin requires that all stipulations be submitted to her for her approval. If approved, Judge McLaughlin forwards the stipulation to the Clerk for filing, and the Clerk mails copies to counsel.

matters to her attention only after they have been discussed with opposing counsel.

9/2000