**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARY E. DAVIS, individually and | : | CIVIL ACTION |
| as Executrix of the Estate of | : | |
| JEFFREY C. DAVIS, deceased | : | |
| 219 Yorkshire Road | : | |
| Fairless Hills, PA 19030 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 02-CV-3852 |
| | : | |
| MOTIVA ENTERPRISES LLC | : | |
| f/k/a/ Star Enterprise | : | |
| 1100 Louisiana Street | : | |
| Houston, TX 77002 | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

This          day of            , 2002, upon consideration of Plaintiff's Motion to Remand,

and the response of Defendant Motive Enterprises, LLC ("Motiva") thereto, it is ORDERED that

the motion is DENIED.

BY THE COURT:

_____, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARY E. DAVIS, individually and | : | CIVIL ACTION |
| as Executrix of the Estate of | : | |
| JEFFREY C. DAVIS, deceased | : | |
| 219 Yorkshire Road | : | |
| Fairless Hills, PA 19030 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 02-CV-3852 |
| | : | |
| MOTIVA ENTERPRISES LLC | : | |
| f/k/a/ Star Enterprise | : | |
| 1100 Louisiana Street | : | |
| Houston, TX 77002 | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT MOTIVA ENTERPRISES LLC'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant, Motiva Enterprises LLC ("Motiva"), files the following memorandum in opposition to Plaintiff's motion to remand. As is demonstrated below, plaintiff's motion should be denied.

**I.      INTRODUCTION**

Plaintiff's motion to remand flies in the face of controlling authority in this Circuit. Under Third Circuit precedent, a defendant can only remove when federal jurisdiction appears to "a substantial degree of specificity" on the face of documents "of a type filed with the court." Foster v. Mutual Fire, Marine & Inland Ins. Co., 986 F.2d 48, 54 (3d Cir. 1993). Yet, despite this settled requirement, plaintiff has not identified any information in the praecipe for writ of summons, writ of summons and Philadelphia County civil cover sheet (" the writ documents") setting forth a basis for federal jurisdiction. Instead, in what can only be labeled as a desperate attempt to defeat the

timely removal of this case, plaintiff directs the Court's attention to extraneous and inflammatory factual averments, which are irrelevant to jurisdiction. At best, these facts set forth no more than an assertion that Motiva knew of the nature of plaintiff's claims from sources outside the documents filed in the state court. However, plaintiff cannot overcome the law of this Circuit that removability is determined from the documents filed with the court, and defendant's subjective knowledge is irrelevant to jurisdiction. Plaintiff's motion to remand must be denied.

## II.   COUNTER-STATEMENT OF FACTS

On March 28, 2002, plaintiff served defendant with a praecipe to issue a writ of summons, a writ of summons and a Philadelphia County civil cover sheet. The civil cover sheet provided the following scant information:

1)   Plaintiff's identity and address in Fairless, Hills, Pennsylvania;

2)   Defendant's identity and address in Houston, Texas;

3)   The amount in controversy exceeds $50,000; and

4)   The case type is negligence / premise liability.

The praecipe and writ of summons did not provide any additional relevant information. The writ documents did not set forth facts underlying the claim, nor did they identify the nature of plaintiff's individual claim, as distinguished from the Estate's claim.[1]

---

[1]On May 31, 2002, plaintiff served defendant with a complaint providing additional information relevant to the amount in controversy and plaintiff's citizenship. On June 19, 2002, plaintiff filed a timely notice of removal, removing this case from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania based on federal diversity jurisdiction. On July 3, 2002, plaintiff filed a motion seeking to remand this case to state court.

2

### III.    ARGUMENT

#### A.    Removal Was Timely Because the Praecipe, Writ of Summons and Civil <u>Cover Sheet Did Not Reveal Federal Subject Matter Jurisdiction.</u>

28 U.S.C. § 1446(b) provides that a defendant must remove a case within 30 days after receipt of the initial pleading and its accompanying documents,[2] when those papers reveal the existence of federal jurisdiction.  To determine whether a pleading and its accompanying documents set forth a basis for federal jurisdiction, "the relevant test is not what the defendants purportedly knew, but what the documents said."   <u>Foster</u>, 986 F.2d at 54.

> The inquiry begins and ends with the four corners of the pleading.  The inquiry is succinct: whether the document informs the reader, to a substantial degree of specificity, whether all the elements of federal jurisdiction are present.

<u>Id</u>.  Thus, after a defendant receives a writ of summons, praecipe and civil cover sheet, the defendant need not — and, in fact, cannot — file a notice of removal unless those documents "in themselves provide adequate notice of federal jurisdiction."  <u>Id</u>.

Motiva removed this action based on federal diversity jurisdiction.  Thus, the relevant inquiry is whether the writ documents, taken together, alerted Motiva that (1) it and plaintiff are citizens of different states, and (2) the amount in controversy exceeds $75,000 exclusive of interest and costs.  <u>See</u> 28 U.S.C. § 1332(a)(2).  The writ documents did not reveal either of these required elements.

First, the praecipe, writ and civil cover sheet did not reveal diverse citizenship because they

---

[2]To be considered in this inquiry, accompanying documents must, "at a minimum, . . . be something of a type filed with the court."  <u>Foster v. Mutual Fire, Marine & Inland Ins. Co.</u>, 986 F.2d 48, 54 (3d Cir. 1993).  Motiva does not contest that the civil cover sheet attached to a praecipe for writ of summons pursuant to Philadelphia Civil Rule 205.2(A)(9) is such a document.  <u>See</u> <u>Scerati v. Lewellyn Mfg., Inc.</u>, 1996 WL 334376, *2 (E.D. Pa. June 18, 1996).

3

only stated the parties' names and addresses. "Jurisdiction pursuant to § 1332(a)(2), however, requires that the *citizenship* of the parties, and not merely their residences or addresses, be of different states." Sprague v. American Bar Association, 166 F. Supp.2d 206, 209 (E.D. Pa. 2001) (citing Krasnov v. Dinan, 465 F.2d 1298 (3d Cir. 1972)). For purposes of diversity jurisdiction, citizenship is based on domicile — not residence. Sprague, 166 F. Supp.2d at 209. Domicile is more than residence; it is the true, fixed and established home to which a person intends to return after an absence. Juvelis v. Snider, 68 F.3d 648, 654 (3d Cir. 1995). Thus, "a person may reside in one place, but be domiciled elsewhere." Sprague, 166 F. Supp.2d at 209 (citing Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989)). Since the writ documents merely revealed plaintiff's address, they did not inform the reader, to a substantial degree of specificity, of plaintiff's citizenship. Therefore, the writ documents did not provide adequate notice to defendant of federal jurisdiction.[3]

Second, the writ documents did not reveal that the amount in controversy exceeded $75,000 exclusive of costs and attorney fees. To the contrary, plaintiff merely checked the box on the civil cover sheet indicating that the amount in controversy exceeded the maximum mandatory arbitration amount, which is $50,000. Plaintiff argues that checking this box provides notice of diversity jurisdiction. However, plaintiff's argument is incorrect as a matter of law.

The two cases on which plaintiff relies, Scerati v. Lewellyn, 1996 WL 334376 (E.D. Pa. June

---

[3]In contrast, the complaint clearly stated that plaintiff is "an adult citizen" of Pennsylvania, Complaint, ¶ 1, and plaintiff has not alleged that the complaint failed to set forth a basis for federal jurisdiction. Thus, the complaint alerted defendant, to a substantial degree of specificity, of diversity jurisdiction.

18, 1996) and <u>Mangano v. Halina</u>, 1997 WL 697952 (E.D. Pa. Nov. 3, 1997),[4] involved writs of summons which were served on defendants before the amount required for diversity jurisdiction increased from $50,000 to $75,000.  Thus, when the plaintiffs in those cases checked the box on the Philadelphia County civil cover sheet indicating that the amount in controversy exceeded the maximum mandatory arbitration amount, they effectively conceded that the federal jurisdictional amount requirement was satisfied — because those amounts were both $50,000 at the time.  While plaintiff advises the Court of this distinction in a footnote, she fails to explain why this distinction is not fatal to her remand petition.  (<u>See</u> Memorandum of Law in Support of Plaintiff's Motion to Remand, at 13 n.3).  The simple fact is that, since the federal jurisdictional amount is now $75,000, <u>Scerati</u> and <u>Mangano</u> are inapposite.

Directly on point, however, is <u>Sprague v. American Bar Association</u>, 166 F. Supp.2d 206 (E.D. Pa. 2001), a case which involved a notice of removal filed after the federal jurisdictional amount increased to $75,000.  In <u>Sprague</u>, Judge Yohn considered facts essentially identical to those of this case, and concluded that removal was timely.  <u>Id</u>. at 207.  The defendants were served with a writ of summons and a Philadelphia County civil cover sheet.  <u>Id</u>.  On the civil cover sheet the plaintiff indicated that the case type was "libel / slander," and checked the box indicating that the amount in controversy exceeded the $50,000 maximum mandatory arbitration amount.  <u>Id</u>. Defendants waited until service of the complaint to remove based on diversity, whereupon plaintiff moved to remand, arguing that the removal was untimely because service of the writ and cover sheet had triggered the 30 day removal period.  <u>Id</u>.

Applying the <u>Foster</u> test, the court held that the writ and cover sheet had not informed the

---

[4]Copies of these non-published opinions are provided at the back of this memorandum.

defendants, to a substantial degree of specificity, that the amount in controversy exceeded $75,000.

Id. at 209.[5]  Rather, by checking the box on the civil cover sheet, the plaintiff indicated only that the

amount in controversy was more than $50,000 — not the current jurisdictional amount of $75,000.

Id.; see also Werwinski v. Ford Motor Co., 286 F.3d 661, 666 n.4 (checking box on civil cover sheet

indicating that "amount in controversy exceeded $50,000 would not in itself satisfy the $75,000

threshold").

Similarly, in Powers v. FMC Corp., 155 F. Supp.2d 307 (E.D. Pa. 2001), another case filed

after the increase in the jurisdictional amount which again is ignored completely by plaintiff, Judge

Pollock held that a writ of summons and Philadelphia County civil cover sheet indicating that the

amount in controversy exceeded $50,000 was insufficient to inform the defendant that a basis for

federal jurisdiction existed.  Id. at 309-10.  In Powers, a product liability personal injury action,

Judge Pollock further held that it was not until the complaint was filed, setting forth the separate

claims of the husband and wife, that the time for removal began to run.  Id.

In this case, as in Sprague and Powers, plaintiffs checked the box on the civil cover sheet

indicating only that the amount in controversy exceeded the $50,000 maximum mandatory

arbitration amount.  As in Sprague and Powers, the writ documents did not notify defendant, to a

substantial degree of specificity, that over $75,000 was in controversy merely because plaintiff

checked the box on the civil cover sheet indicating that an amount exceeding the maximum

mandatory arbitration of $50,000 was claimed.

Plaintiff's argument that defendant knew that the amount in controversy exceeded $75,000

─────────────

[5]Also, the writ and cover sheet contained nothing more than the parties' names and
addresses.  Thus, as described above, the papers did not reveal diversity of citizenship, as
required by 28 U.S.C. § 1332(a)(2).  Id. at 209.

because of the stated identity of the plaintiff and the "negligence / premise liability" case type designation, (See Memorandum of Law in Support of Plaintiff's Motion to Remand, at 9-14), does not overcome Sprague and Powers. In Sprague, Judge Yohn rejected the argument that checking the case designation on the civil cover sheet provided a basis for removal,[6] and the Third Circuit has squarely rejected the subjective knowledge argument.

In Foster, Judge Higginbotham refused to condone the Hobson's choice that a subjective knowledge approach to determining the timeliness of removal forces upon defendants who receive writs of summons and civil cover sheets:

> On the one hand, if defendants wait until the receipt of a complaint, they risk a federal court finding they had actual knowledge of removability or diversity prior to receiving the complaint, thus rendering their notice time barred. On the other hand, if defendants rely on what they actually know and remove prior to receiving a complaint . . . , they risk plaintiffs' filing a motion to quash removal as premature.

Foster, 986 F.2d at 53. Based on the manifest unfairness of such a choice, the Third Circuit rejected the subjective knowledge inquiry, and held that "the relevant test is not what the defendant knew, but what the documents said." Id.

In this case, plaintiff asks the Court to disregard Foster and to put Motiva to the Hobson's choice identified by Judge Higginbotham.[7] If defendant had removed this case upon receipt of the

---

[6]Plaintiffs in Sprague argued that the amount in controversy was satisfied by virtue of them checking the box on the civil cover sheet that the case type was libel/slander arguing there were verdicts in such cases in excess of $75,000. Judge Yohn rejected that argument finding it inconsistent with Foster. Sprague, 166 F. Supp.2d at 209-10. Similarly, in Powers, the case was described as a product liability action, but the court did not address this issue.

[7]Plaintiff cites Klawiter v. Paper Converting Machine Co., 2002 WL 197977 (E.D. Pa. Jan. 23, 2002) in support of its untenable reading of Foster. However, Klawiter is inapposite. In that case, the defendant corporation claimed that the writ documents did not inform it of the location of its *own* principal place of business, *i.e.*, its *own* citizenship. Id. at *2.

writ documents based on its subjective knowledge of the facts surrounding the death of Jeffrey C. Davis, plaintiff would undoubtedly have filed a motion to quash the removal as premature. However, now that plaintiff has filed a complaint that reveals a basis for federal jurisdiction, plaintiff asks the Court to find defendant's removal untimely. This is precisely the gamesmanship that the Foster court condemned.

Finally, plaintiff contends that the jurisdictional amount was evident from the writ documents because the claims of the Estate and Ms. Davis must be added together. First, plaintiff's argument fails because the writ documents do not state that each of the claims is individually greater than the jurisdictional amount. As written, the writ documents state only that plaintiff's claim exceeds $50,000. Further, plaintiff's argument is inconsistent with Third Circuit law that claims of multiple plaintiffs cannot be aggregated for purposes of determining the amount in controversy. Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002).[8] Since the Estate and Ms. Davis collectively claimed only an amount in excess of $50,000, the writ documents did not reveal that the jurisdictional amount requirement was satisfied.

For the reasons developed above, the writ documents did not inform Motiva, to a substantial degree of specificity, that there was diversity of citizenship and that an amount exceeding $75,000 exclusive of interest and costs was in controversy. As such, the writ documents did not provide adequate notice to defendant of federal jurisdiction, and removal upon the writ documents would have been premature. Therefore, Motiva's removal within 30 days after receiving the complaint was

---

[8]In Powers, Judge Pollock also found that the wife's consortium claim, which was stated separately in the complaint, could be aggregated with the husband's claims for purposes of diversity jurisdiction. To the extent that the court permitted this aggregation, Motiva respectfully submits that it is inconsistent with Werwinski.

timely.

**B.    Defendant is Not Estopped from Removing this Case For Undertaking Good Faith Settlement Negotiations with Plaintiff.**

Finally, plaintiffs argue without any support that because Motiva tried to initiate settlement discussions, they should be estopped from removing the case. Putting aside the fact that plaintiff's insertion of settlement entreaties flies in the face of the letter and spirit of Federal Rule of Evidence 408, there is not even an attempt to show how plaintiff relied on anything said or done by Motiva or changed her position so as to give rise to an estoppel.[9] Plaintiff's argument that Motiva is estopped to remove this action because of pre-suit settlement discussions is nothing more then an ill-disguised attempt to have this Court look to the defendant's subjective knowledge, which it cannot do under Foster. Not only is her argument barred by Foster, but, if accepted, it would frustrate any effort to try to resolve a dispute before suit is filed — a result clearly at odds with Rule 408, and the strong policy favoring amicable resolution of disputes.[10]

**IV.    CONCLUSION**

For the foregoing reasons, defendant respectfully requests that the Court deny plaintiff's motion to remand.

---

[9]The elements of estoppel are: (1) inducement; (2) justifiable reliance; and (3) prejudice from that reliance. Chemical Bank v. Dippolito, 897 F. Supp. 221, 224 (E.D. Pa. 1995).

[10]Motiva remains willing to engage in constructive discussions regarding amicable resolution of this matter.

9

Respectfully submitted,

_____

Howard M. Klein, Esquire
Lauren A. Schochor, Esquire
Identification Nos. 33632/87618
CONRAD O'BRIEN GELLMAN
 & ROHN, P.C.
1515 Market Street, Sixteenth Floor
Philadelphia, PA   19102

and

Of Counsel:

Paul M. Lukoff, Esquire
Delaware Bar No. 96
PRICKETT, JONES & ELLIOTT, P.A.
1310 King Street
Box 1328
Wilmington, DE  19899
(302) 888-6500

Attorneys for Defendant
Motiva Enterprises LLC

Dated: July 19, 2002

10

## CERTIFICATE OF SERVICE

I, Lauren A. Schochor, hereby certify that on this date I caused a true and correct copy of the foregoing Defendant Motiva Enterprises LLC's Memorandum of Law In Opposition to Plaintiff's Motion to Remand to be served via hand delivery upon:

Thomas R. Kline, Esquire
Matthew A. Casey, Esquire
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102

Attorneys for Plaintiff

July 19, 2002

_____
Lauren A. Schochor