IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARY A. DAVIS, individually,        :
and as executrix of the Estate      :
of JEFFREY C. DAVIS, deceased       :
                                    :        No. 02-CV-3852
        v.                          :
                                    :
MOTIVA ENTERPRISES, L.L.C.          :

MEMORANDUM and ORDER

McLaughlin, J.                                September _____, 2002

        The question before the Court is whether the notice of removal filed by the defendant in this case was timely under 28 U.S.C. § 1446(b).  The answer to this question depends on whether the praecipe, writ of summons, and civil cover sheet ("the writ documents") provided the defendant with notice of federal jurisdiction.  Because I find that these documents did not give the defendant adequate notice of federal jurisdiction, I will deny the plaintiff's motion to remand.

        The plaintiff, Mary E. Davis, individually and as Executrix of the Estate of Jeffrey C. Davis, commenced this action against Motiva Enterprises LLC ("Motiva") by writ of summons in the Court of Common Pleas of Philadelphia County, Pennsylvania.  Motiva was served on March 28, 2002, in Houston,

Texas with the writ documents.  On May 31, 2002, the plaintiffs filed a complaint against Motiva in the same court.  On June 19, 2002, 83 days after receipt of the initial pleading on March 28, 2002, but 19 days after receipt of the complaint, Motiva filed a notice of removal in this court.

The writ documents provided the following information: the name of the plaintiff and the defendant; the address of the plaintiff in Fairless Hills, Pennsylvania, and the address of the defendant in Houston, Texas; the type of case as negligence/ premise liability; and the amount in controversy as more than $50,000.

The complaint alleges that the plaintiff's husband was killed during an explosion at a Delaware City, Delaware sulfuric acid tank farm owned and operated by Motiva.  In her motion to remand, the plaintiff claims and the defendant does not dispute that months before the writ of summons was filed, Motiva solicited the participation of the plaintiff and her family in a settlement meeting at their home, without the presence of counsel, to discuss "taking care of them."  The most senior official at the Delaware City refinery repeatedly telephoned the plaintiff's son to solicit his help in setting up this meeting, and told the plaintiff's son that he had spoken with the CEO of Motiva and that the Davis family would be taken care of with a

"substantial" settlement.

The Court accepts these facts for purposes of this motion and concludes that when served with the writ documents, the defendant had information from which it would have known that the writ involved a wrongful death action brought on behalf of the estate of its employee and its employee's wife, that there was diversity of citizenship between the parties, and that the amount in controversy was more than $75,000. The first question is whether these facts have any legal relevance to the motion.

The Court of Appeals for the Third Circuit decided this issue in Foster v. Mutual Fire, Marine and Inland Ins. Co., 986 F.2d 48 (3d Cir. 1993). To determine whether a pleading and its accompanying documents set forth a basis for federal jurisdiction, "the relevant test is not what the defendants purportedly knew, but what the documents said." Id. at 54. "The inquiry begins and ends with the four corners of the pleading. The inquiry is succinct: whether the document informs the reader, to a substantial degree of specificity, whether all the elements of federal jurisdiction are present." Id. at 53.

To be considered in this inquiry, documents must, "at a minimum, . . . be something of a type filed with the court." Id. at 54. The defendant does not dispute that the writ of summons, the praecipe, and the civil cover sheet are such documents.

This Court understands <u>Foster</u> to foreclose the kind of subjective inquiry that the plaintiff urges here. I must look only to the documents to determine whether they inform the reader "to a substantial degree of specificity" that there was diversity of citizenship and more than $75,000 in controversy. In this analysis, the Court will assume that the documents do adequately inform the reader that there is diversity of citizenship. The issue of the amount in controversy is more problematic for the plaintiff, however.

The plaintiff argues that because the writ described the plaintiff as suing individually and as executrix of an estate, and describe the type of claim as negligence/premises liability, the reader would know that the plaintiff was the wife of the decedent and that she was bringing a wrongful death claim on behalf of the estate and a loss of consortium claim on her own behalf. The reader would then realize that, because this was a wrongful death case, there would be more than $75,000 in controversy. Assuming that a reader would know that a wrongful death case has more than $75,000 in controversy, I do not see that a reader would know that this is a wrongful death case. It could be a claim for negligence that injured the decedent before his death but did not cause his death.

The plaintiff argues that even if the reader did not

know that it was a wrongful death claim, he would know that there are two claims – an individual claim by the plaintiff and a claim on behalf of the estate each exceeding $50,000 that can be aggregated for purposes of the amount in controversy.  There are at least two problems with this argument.  The first is that the writ documents say only that the plaintiff's claim exceeds $50,000, not that there are two claims that each exceed $50,000.  The second is that the Third Circuit has made clear that claims of multiple plaintiffs cannot be aggregated for purposes of determining the amount of controversy. See Werwinski v. Ford Motor Co., 286 F.3d 661 (3d Cir. 2002).

       The plaintiff argues that a wife's consortium claim can be aggregated with the husband's claims for purposes of diversity jurisdiction, citing Powers v. FMC Corp., 155 F. Supp. 2d 307, 309-10 (E.D. Pa. 2001).  I am not sure that the plaintiff is correct; but, even if she were, the writ documents do not inform the reader that the plaintiff's individual claim is a consortium claim or that she is the wife of the decedent.

       For these reasons, the Court holds that the writ documents did not inform the defendant to a substantial degree of specificity that there was in controversy an amount exceeding $75,000 exclusive of interest and costs.  They, therefore, did not provide adequate notice to the defendant of federal

jurisdiction.  Thus, the defendant's removal within 30 days after receiving the complaint was timely.